IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED

DEC 16 2015

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

CHRISTOPHER ROBERTSON and )
SARA ROBERTSON, )
)
            Plaintiffs, )
)
v. )        Case No.
)
STATE FARM FIRE AND )    **CJ-2015-04607**
CASUALTY COMPANY, )
)        JURY TRIAL DEMANDED
            Defendant. )   ATTORNEY'S LIEN CLAIMED

JEFFERSON D. SELLERS

## PETITION

Plaintiffs Christopher Robertson and Sara Robertson (the "Robertsons"), for their causes

of actions against State Farm Fire & Casualty Company ("State Farm"), state:

1.    The Robertsons are individuals who reside in Tulsa County, Oklahoma.

2.    Defendant State Farm is a foreign insurance company registered with the

Oklahoma Insurance Department and does business in Tulsa County, Oklahoma.

3.    This Court has jurisdiction over the parties and the subject matter of this action.

4.    Venue is proper in this Court as the claims giving rise to damages took place in

Tulsa County, Oklahoma.

## BACKGROUND

5.    On or about May 17, 2015, the Robertsons discovered property damage at their

home when they located significant water damage to the exterior and interior portions of their

home.

6.    The Robertsons' policy is an "All Risks" policy that provides coverage for the

water damage sustained at their home.

7.    The Robertsons timely and properly reported the property damage to State Farm,

**EXHIBIT**

**1**

their homeowner's insurance provider, and State Farm opened a claim regarding the Robertsons' damage.

8.      Soon thereafter, State Farm assigned one of its employees to visit the Robertsons' home and review the damage.

9.      State Farm's adjuster believed that part of the water damage was covered under the Robertson's policy, but the vast majority of the water damage was excluded from coverage.

10.     State Farm relied, and continues to rely, on an inapplicable "wet rot" exclusion in the Robertsons' policy.

11.     Upon the recommendation of a neighbor, the Robertsons hired Calvin J. Nickols, CEI, an AWCI-certified[1] inspector with Nick's Inspection Services ("Nick's") at their own cost, to inspect their home and render an opinion as to the cause of the water damage their home sustained.

12.     Nick's determined that the water damage at the Robertsons' home was likely caused by improper flashing on their roof and inadequate caulking around their windows.

13.     In addition to the broad, general grant of coverage for water damage in the Robertsons' policy, to the extent applicable, the policy also provides coverage specifically for any resulting loss from any defective construction or design, which would include the water damage due to improper flashing and inadequate caulking at the Robertsons' home.

14.     After Nick's prepared its report and State Farm continued to rely on its incorrect assessment of the water damage at the Robertsons' home, the Robertsons hired undersigned counsel to assist them in handling their insurance claim.

---

[1] The Association of the Wall and Ceiling Industry is one of the premier national associations of construction industry contractors, suppliers, manufacturers, and inspectors. In fact, Mr. Nickols is one of only two certified exterior insulation finishing systems inspectors in the state of Oklahoma.

15.   The Robertsons provided the Nick's report to State Farm and requested that State Farm reconsider its denial of coverage for their claim or, at a minimum, hire an independent engineer to inspect their home and render an opinion regarding their claim.

16.   Rather than provide coverage under the Robertsons' insurance policy consistent with Nick's findings or hire a non-biased engineer to inspect the Robertsons' home, State Farm refused to hire an independent engineer and adequately investigate the Robertsons' claim and insisted that its employee's opinion was valid.

17.   From July 2015 through September 2015, the Robertsons, through their counsel, made numerous efforts to get State Farm to properly investigate and analyze the Robertsons' claim, but State Farm refused to do so.

18.   Additionally, State Farm has failed to communicate with the Robertsons' counsel and it has refused to provide documents and information requested from State Farm regarding the Robertsons' claim.

19.   On September 30, 2015, State Farm dramatically changed its position and advised the Robertsons that their claim was opened under wind/hail damage and invited the Robertsons to open a new claim for water damage.

20.   The Robertsons' position has not changed that water damage is what caused the damage to their home; however, on October 13, 2015, the Robertsons requested that State Farm take whatever internal action is necessary to address the water damage at their home, including opening a new claim if necessary.

21.   On November 10, 2015, an engineer retained by State Farm inspected the Robertsons' home and determined that the water damage was caused by "improper waterproofing at the joint between gable attic vent-frame and the exterior wall" (improper

3

flashing).

22.   Despite its own engineer's report indicating that the damage at the Robertsons' home is covered under their policy, State Farm has continued to deny coverage for the Robertsons' claim.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

For their first cause of action, the Robertsons incorporate the allegations set forth in paragraphs 1 through 22 herein and further state:

23.   At the time the damage to the Robertsons' home occurred and/or was discovered, they were insured by State Farm through a homeowner's insurance policy number: 36-BR-T370-7 issued by State Farm (the "Policy").

24.   The Robertsons had paid all premiums due under the Policy and the Policy was in effect at the time the Robertsons' property was damaged.

25.   State Farm has refused to provide coverage to the Robertsons to repair the damage to their residence as it is obligated to do under the Policy and Oklahoma law.

26.   State Farm is in breach of its obligations under the Policy and Oklahoma law.

27.   As a result of State Farm's breach, the Robertsons have incurred damages in excess of $75,000.00, exclusive of interest and costs.

### SECOND CAUSE OF ACTION – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

For their second cause of action, the Robertsons incorporate the allegations set forth in paragraphs 1 through 27 herein and further state:

28.   The Robertsons made a claim for the damage to their property pursuant to the requirements set forth in the Policy.

4

29.     In its handling of the Robertsons' claim, and as a matter of routine business practice in handling like claims under these policies, State Farm breached its duty to deal fairly and act in good faith towards the Robertsons by:

    a.  Failing and refusing to pay to the Robertsons the insurance benefits they were entitled to under the Policy at a time when State Farm knew that the Robertsons were entitled to those benefits;

    b.  Failing to properly investigate the Robertsons' claim and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c.  Withholding payment of the benefits to the Robertsons, knowing that their claim for those benefits was valid;

    d.  Refusing to honor the Robertsons' claim for reasons contrary to the express provisions of the Policy and/or Oklahoma law;

    e.  Refusing to honor the Robertsons' claim by knowingly misconstruing and misapplying provisions of the Policy;

    f.  Failing to properly investigate the Robertsons' claim for benefits;

    g.  Failing to properly evaluate any investigation that was performed;

    h.  Ignoring facts pertinent to the Robertsons' claim in an attempt to reach an unreasonable evaluation of their claim;

    i.  Failing to communicate with the Robertsons' counsel;

    j.  Failing to provide the Robertsons' counsel with documents and information requested from State Farm regarding their claim;

    k.  Not attempting in good faith to effectuate a prompt, fair, and equitable

settlement of the Robertsons' claim; and

l.   Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include the Robertsons' claim.

30.   As a proximate result of State Farm's breach of the covenant of good faith and fair dealing, the Robertsons have suffered the loss of the Policy benefits, anxiety, frustration, mental anguish, emotional distress, embarrassment, financial hardship, attorney's fees, and other incidental damages.

31.   State Farm has acted intentionally, maliciously, and in reckless disregard in its breach of its duty to deal fairly and act in good faith with the Robertsons. As a result, the Robertsons are entitled to recover punitive damages against State Farm in an amount determined by a jury sufficient to render the consequences of its conduct an example to itself and others.

WHEREFORE, Plaintiffs Christopher Robertson and Sara Robertson respectfully request that judgment be entered against Defendant State Farm Fire & Casualty Company, and grant them the relief sought including, but not limited to, actual damages in excess of seventy-five thousand dollars ($75,000.00), costs, pre-judgment interest, attorney's fees, punitive damages in excess of seventy-five thousand dollars ($75,000.00), post-judgment interest, and all other relief deemed appropriate by this Court.

Respectfully submitted,

By:

Tracy W. Robinett, OBA No. 13114
Charles R. Swartz, OBA No. 22313
Dylan T. Duren, OBA No. 31837
ROBINETT, SWARTZ & AYCOCK
624 S. Boston, Suite 900
Tulsa, Oklahoma 74119
(918) 592-3699
(918) 592-0963 (*facsimile*)

*Attorneys for Plaintiffs Christopher
Robertson and Sara Robertson*

7